UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD PICKETT,

    Plaintiff-Debtor,

v.                                                  Case No. 14-C-271
                                                    (Bankr. Case No. 13- 36435)

APPLETON RENTAL, LLC,

    Defendant-Creditor.

## DECISION AND ORDER

Pro se Plaintiff Claimant Reginald Pickett ("Pickett") filed an action on March 12, 2014, seeking leave to proceed *in forma pauperis* against Defendant Appleton Rental, LLC ("Appleton"). The Court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Pickett's Complaint provides the case number of a small claims eviction action filed against him in Milwaukee County Circuit Court, *TE V LLC v. Reginald Pickett Jr.,* 2013SC037328,[1] and indicates that the action involves the same occurrence as this action. Pickett also provides the case number of a bankruptcy action commenced

---

[1] The state court docket shows that the small claims eviction action was dismissed on March 13, 2014. *See* http://wcca.wicourts.gov (last visited March 20, 2014). This Court may take judicial notice of the state court record. Fed. R. Evid. 201. *See Ennenga v. Starns,* 677 F.3d 766, 773-74 (7th Cir. 2012).

by him on December 31, 2013, under Chapter 13 of the United States Bankruptcy Code. *See In re Pickett,* 13-36535 (Bankr. E.D. Wis.). That case remains open.

Pickett's Complaint states that "the court released stay back to state court without having opportunity for reorganization through plan that was not completed by trustee." (Compl. 3.) His Complaint requests a stay of the release pending appeal and review of allegedly unethical conduct by Appleton's counsel, involving "set[t]ing hearings and dismissing cases, and [reinstating] them again due to a hearing scheduled in federal court, for objection of release of stay." (*Id*. at 4.)

Having reviewed Pickett's statement of claim, the Court concludes that this action is best characterized as an appeal from the bankruptcy court's decision regarding the automatic stay. The proper place to file an appeal from the bankruptcy court's decision is with the bankruptcy court. Therefore, this action is transferred to the bankruptcy court. Pickett's motion for leave to proceed *in forma pauperis* is denied (ECF No. 2) as moot.

The Court also directs the Clerk of Court to send a copy of this Decision and Order to United States Bankruptcy Court Judge Susan V. Kelley, the judge presiding over Pickett's bankruptcy action. In so doing, she will be made aware of Pickett's allegations regarding counsel for Appleton.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This appeal is transferred to the Clerk of the Bankruptcy Court.

The Clerk of Court is **DIRECTED** to send a copy of this Decision and Order to United States Bankruptcy Court Judge Susan V. Kelley.

Pickett's motion for leave to proceed *in forma pauperis* (ECF No. 2) is denied as moot.

The Clerk of the District Court is directed to close this action for statistical purposes.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**